# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

__Tampa________ Division

SEP 14 2026 PM1:55
FILED - USDC - FLMD - TPA

| | |
|---|---|
| THUAN DOAN<br><br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br><br>-v-<br><br>U.S. Department of Veterans Affairs<br><br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. 8:26-cv-2673-WFJ-NHA<br>*(to be filled in by the Clerk's Office)* |

## COMPLAINT AND REQUEST FOR INJUNCTION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | THUAN DOAN |
| Street Address | 14417 BIRCH ST |
| City and County | CITY OF HUDSON, PASCO COUNTY |
| State and Zip Code | FLORIDA 34667 |
| Telephone Number | (786)797-2255 |
| E-mail Address | thuanvietdoan@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

$405
TPA74875

Defendant No. 1

| | |
|---|---|
| Name | U.S. DEPARTMENT OF VETERANS AFFAIRS |
| Job or Title *(if known)* | U. S. ATTORNEY GENERAL |
| Street Address | 400 N Tampa St., Suite 3200 |
| City and County | CITY OF TAMPA, HILLSBOROUGH COUNTY |
| State and Zip Code | FLORIDA, 33602 |
| Telephone Number | (813)274-6000 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

28 U.S.C. 1361; 5 U.S.C. 702; 38 U.S.C. 5501A(1); and the due process clause of the 5th Amendment of the United States Constitution.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

      The plaintiff, *(name)* ____________________, is a citizen of the State of *(name)* ____________________.

   b. If the plaintiff is a corporation

      The plaintiff, *(name)* ____________________, is incorporated under the laws of the State of *(name)* ____________________, and has its principal place of business in the State of *(name)* ____________________.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

      The defendant, *(name)* ____________________, is a citizen of the State of *(name)* ____________________. Or is a citizen of *(foreign nation)* ____________________.

b. If the defendant is a corporation

The defendant, *(name)* __________, is incorporated under the laws of the State of *(name)* __________, and has its principal place of business in the State of *(name)* __________.
Or is incorporated under the laws of *(foreign nation)* __________, and has its principal place of business in *(name)* __________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

The Plaintiff received the notice of proposed incompetency dated June 5, 2017 by mail. The Plaintiff was not the life insurance (38 U.S.C. 1922) beneficiary under 38 C.F.R. 3.353(e)

The VA sent the notice to the wrong beneficiary violating the Plaintiff's right to notice under the due process clause of the 5th Amendment of the U.S. Constitution. The VA also violated the right to notice under 38 U.S.C. 5501A(1) of the CODIFICATION OF DUE PROCESS FOR DETERMINATIONS BY THE SECRETARY OF VETERANS AFFAIRS OF MENTAL CAPACITY OF BENEFICIARIES.

(SEE ATTACHMENTS)

B. What date and approximate time did the events giving rise to your claim(s) occur?

The Plaintiff received a notice of change to direct deposit information dated Aril 13, 2018. The Plaintiff received a notice of fiduciary appointment dated April 19, 2018. The Plaintiff called the VA, but the employee refused to change the direct deposit information back because a fiduciary was appointed. Each recurring direct deposit payment to the fiduciary falls under the continuing violation doctrine.

The beneficiary is mentally or legally incompetent under 38 U.S.C. 1922(b)(3). The 4% commission fee is taken from the "beneficiary's estate" under 38 U.S.C. 5502(a)(2). The person legally vested with the responsibility or care of the "beneficiary estate" is under 38 U.S.C. 5506(1). The VA was unlawfully paying the Plaintiff's fiduciary under 38 U.S.C. 5506(2) a 4% commission fee.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

The compensation and pension definition of "mentally incompetent" under 38 U.S.C. 5101(e)(1). The life insurance (38 U.S.C. 1922) definition of "mentally incompetent" is under 38 C.F.R. 3.353. The Plaintiff has to guess which laws and regulations the VA is using in the notice of proposed incompetency.

The VA used the definition of mentally incompetent for life insurance (38 U.S.C. 1922) under 38 C.F.R. 3.353 to unlawfully take away Plaintiff's 2nd Amendment under the U.S. Constitution. It closely resembles the definition of adjudicated mentally defective by the U.S. Department of Alcohol, Firearms, and Tobacco (ATF). In order to take away Plaintiff's 2nd Amendment Right, the VA alleged the Plaintiff was unable to manage the disbursement of funds and appointed a fiduciary.

## IV. Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

VA benefits in the VA fiduciary program are for the use and benefits of the veteran. The VA fiduciary program doesn't allow the VA benefits to be used to help the Plaintiff's family and relatives in case of an emergency.

The Plaintiff didn't make a request the change of direct deposit information on April 13, 2018.

The Plaintiff lost his 2nd Amendment Right to purchase and own a firearm. The Plaintiff is unable to protect his family and himself.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1. Change back the Plaintiff's direct deposit information.
2. Return the Plaintiff's benefits held by the unlawful VA-appointed fiduciary which amount is over $10,000.
3. Repay the 4% fiduciary commission fees taken from the benefits which amount is over $5,000.
4. Restore Plaintiff's 2nd Amendment Right to purchase and own a firearm.
5. Court cost and expenses.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 09/14/2026

Signature of Plaintiff [signature]

Printed Name of Plaintiff Thuan V. Doan

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

**(Continued from Section III, Subsection A)**

**Claim for Life Insurance (38 U.S.C. 1922) Death Benefits**

1. Rating agencies have the sole authority to make official determination of competency and incompetency for purposes of insurance (38 U.S.C. 1922), and subject to § 13.110 of this chapter, disbursement of benefits. See 38 C.F.R. 3.353(b)(1)
2. Fiduciary matters arise after VA has determined that a beneficiary is entitled to benefits, see 38 C.F.R. 13.10(b). Section 13.110 arises after the beneficiary is entitled to the $10,000 death benefits for life insurance (38 U.S.C. 1922).
3. A mentally incompetent person requires two different determination under 38 C.F.R. 3.353(a). The rating agency make a determination that the person lacks the mental capacity to contract or to manage his or her own affairs. The Veterans Service Center Manager makes a determination that the person is unable to manage the disbursement of funds without limitation.
4. **In Doan v. Collins, Vet.App. No. 26-4784 (2026), the Secretary provided a fake Exhibit E (VA Form 21-592 Request for Appointment of Fiduciary). Many item numbers were left blank and the Veterans Service Center Manager didn't sign and date the form. Without the second determination, the Plaintiff is not mentally incompetent**

**under 38 C.F.R. 3.353(a).**

3. **Due process.** Whenever it is proposed to make an incompetency determination, the beneficiary will be notified of the proposed action and of the **right to a hearing as provided in § 3.103**. See 38 C.F.R. 3.353(e)

4. The term "beneficiary" means a principal or contingent beneficiary designated by the insured. See 38 C.F.R. 8.0(h)

5. **The Plaintiff is not the beneficiary of the life insurance (38 U.S.C. 1922). The notice of proposed incompetency is not "reasonably calculated" under the due process clause of the 5th amendment of the U.S. Constitution.**

6. The Section 1985 (38 U.S.C.1985) decision by the Secretary is not subject to one review on appeal to the Secretary under 38 U.S.C. 7104(a). Only the Section 511 (38 U.S.C. 511) decision by the Secretary falls under the Board's jurisdiction (38 U.S.C. 7104). The life insurance beneficiary has to appeal the life insurance policy contract to the U.S. Federal District Court or the U.S. Court for Federal Claims.

7. **Both the claimant and beneficiary receives the notice of decision under 38 C.F.R. 3.103(f), but only the claimant has the review optons under 38 C.F.R. 3.103(f)(8). The higher level review (38**

**U.S.C. 5104B), supplimental claim review (38 U.S.C. 5108), and the appellate review (38 U.S.C. 7105) by the Board is for the claimant. The beneficiary doesn't even have a "right to a hearing" under 38 C.F.R. 3.353(d).**

**The Plaintiff is a beneficiary under the Legacy Appeal. Both the claimant and beneficiary receives the notice of decision under 38 C.F.R. 3.103(f) (2017 Edition), but he doesn't have the "right to a hearing" under 38 C.F.R. 3.103(c) (2017 Edition). The Plaintiff cannot file a Notice of Disagreement (NOD) to the Board of Veterans Appeal under 38 C.F.R. 3.103(f) (2017 Edition).**

8. Appellant means a claimant who has filed an appeal to the Board of Veterans' Appeals either as a legacy appeal or the modernized review system, see 38 C.F.R. 20.3(c).
9. The Veterans Judicial Review Act (VJRA) establishing the U.S. Court of Appeal for Veteran Claims (CAVC) jurisdiction is limited to review of a final Board decision, see 38 U.S.C. 7252. Under the All Writs Act (AWA), 28 U.S.C. 1651), "all courts established by act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdiction. The compensation, pension, and life insurance beneficiary is not a claimant under the CAVC jurisdiction. The Plaintiff must appeal the adverse

agency action to the federal district court under 5 U.S.C. 702 or the writ of mandamus under 28 U.S.C.1361.